UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE ABILITY INC. SECURITIES
LITIGATION

CASE NO. 1:16-cv-03893 (VM)

---

**ORDER AWARDING ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES**

This matter came for hearing on September 14, 2018 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was disseminated to all Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  This Order incorporates by reference the definitions in the Stipulation of Settlement dated April 25, 2018 (ECF No. 74-1) (the "Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.  The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3.  Notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses was given to all Class Members who could be identified

1

with reasonable effort. The form and method of notifying the Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §§ 77z-1(a)(7), 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.  Lead Counsel are hereby awarded attorneys' fees in the amount of  33.3 % of the Settlement Fund, and $ 47,538.19 in reimbursement of Lead Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the action.

5.  Pursuant to the terms of the Stipulation, the attorneys' fees and expenses awarded herein shall be paid to Lead Counsel from the Settlement Fund immediately after entry of Judgment, notwithstanding timely objections to, potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses.

6.  In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

    (a)  the Settlement has created a fund of $3,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

(b)     copies of the Postcard Notice, which directed Class Members to the Settlement website where the Internet Long Form Notice was available, were mailed to thousands of Class Members and nominees. The notices alerted Class Members that Lead Counsel would apply for attorneys' fees in an amount not exceed 33 1/3% of the Settlement Fund and for reimbursement of litigation expenses. There was no objection to the requested attorneys' fees and expenses;

(c)     Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)     the action raised a number of complex issues;

(e)     had Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Class may have recovered less or nothing from Defendants;

(f)     Lead Counsel devoted over 2,055 hours, with a lodestar value of approximately $1,248,462, to achieve the Settlement; and

(g)     the amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

7.     Lead Plaintiff Amatrine L.P. is awarded $ 3,750     and Lead Plaintiff Theodore Zwicker is awarded $ 5,000       to be paid from the Settlement Fund as reimbursement for their reasonable costs and expenses directly related to their representation of the Class.

8.     Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

9. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

10. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

11. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 14th day of September, 2018.

HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE