USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/18

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE ABILITY INC.
SECURITIES LITIGATION

CASE NO. 1:16-cv-03893 (VM)

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated May 18, 2018, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated April 25, 2018 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Preliminary Approval Order, and the Court, having considered all papers filed including the objection of Brian Levy (Dkt. No. 94), and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all members of the Class as well as those members of the Class who did not timely file a valid request for exclusion from the Class by the August 24, 2018, deadline pursuant to the Preliminary Approval Order.

1

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determinations in the Preliminary Approval Order certifying the Action as a class action for settlement purposes only, on behalf of a Class defined as: all Persons who, prior to May 2, 2016, purchased or otherwise acquired Ability common stock issued pursuant or traceable to the Company's November 25, 2015 Registration Statement in a domestic transaction, and were damaged thereby (the "Class"). Excluded from the Class are Ability, Anatoly Hurgin, Avi Levin, Benjamin Gordon, and BDO Ziv Haft; members of Defendants' immediate families; Defendants' legal representatives, heirs, successors or assigns, and any entity in which they have or had a controlling interest; any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his family; and the current and former officers and directors of the Company. Also excluded from the Class are any Persons who exclude themselves by submitting a request for exclusion that is accepted by the Court.

4.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and Settlement are, in all respects, fair, reasonable, and adequate and in the best interests of the Class and each of the Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, Class Members, and Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects, and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

6.      Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons (identified in Schedule 1 attached hereto), who timely requested exclusion from the Class before the August 24, 2018 deadline, the Court hereby dismisses the Action and all Released Claims asserted against the Released Parties by Plaintiffs and members of the Class with prejudice.  The Settling Parties shall bear their own costs and expenses, except as and to the extent provided in the Stipulation and herein.

7.      Upon the Effective Date of the Settlement, to the extent permitted by law, Plaintiffs and each Class Member, on behalf of themselves and their respective past and present directors, officers, employees, agents, trustees, fiduciaries, servants, consultants, underwriters, advisors, representatives, heirs, executors, attorneys, administrators, guardians, estate trustees, successors and assigns, in their capacities as such, and any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of a Class Member, in that capacity, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Parties.

8.      Upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective past and present directors, officers, employees, agents, trustees, fiduciaries, servants, consultants, underwriters, advisors, representatives, heirs, executors, attorneys, administrators, guardians, estate trustees, successors and assigns, in their capacities as such, and any other person or entity legally entitled to bring Released Defendants' Claims on behalf of a Defendant, in that capacity, shall be deemed to have, and by operation of law and of the

3

Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Plaintiffs and Plaintiffs' Related Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs and Plaintiffs' Related Parties.  This release shall not apply to (a) any claims relating to the enforcement of the Settlement; and (b) any claims of any person or entity that submits a request for exclusion from the Class that is accepted by the Court, identified in Schedule 1 hereto.

9.       Notwithstanding paragraphs 7 – 8 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10.      The distribution of the Postcard Notice, publication of the Summary Notice, and availability of the Internet Long Form Notice via the settlement website and via mail upon request, as well as individual notice to all members of the Class who could be identified through reasonable effort, was the best notice practicable under the circumstances to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11.      Any plan of distribution submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12.      Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties; or (c) is or may be deemed to be or may be used as an

4

admission or evidence that any claims asserted by Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses, including interest, in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

14. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

5

17. The objection of Brian Levy shall be and hereby is denied in its entirety.

18. The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: 14 September 2018

THE HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

6

## SCHEDULE 1

### List of Persons Excluded from the Class in:

*In re Ability, Inc. Securities Litigation*
Civil Action No. 1:16-cv-03893-VM

The following Persons, and only the following Persons, properly excluded themselves from the Class by the August 24, 2018, deadline pursuant to the Court's Preliminary Approval Order entered May 21, 2018:

| EXCLUDED PERSONS | |
|---|---|
| **Robert Hammel** | **Boca Raton, FL** |
| **Carter A. Pottash** | **Palm Beach, FL** |

7